**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

JUL 26 2023

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff-Appellee,<br><br>v.<br><br>RIGOBERTO CAMPOS-ATRISCO,<br><br>Defendant-Appellant. | No.   21-50263<br><br>D.C. Nos.<br>3:19-mj-24683-KSC-BAS-1<br>3:19-mj-24683-KSC-BAS<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Southern District of California
Cynthia A. Bashant, District Judge, Presiding

Argued and Submitted July 21, 2023
Pasadena, California

Before:  S.R. THOMAS, NGUYEN, and FORREST, Circuit Judges.

Defendant Rigoberto Campos-Atrisco appeals from a district court order

denying his appeal from a magistrate judge's decision and affirming his conviction

and sentence for attempted improper entry as a noncitizen, 8 U.S.C.§ 1325(a)(1).

We have jurisdiction pursuant to 28 U.S.C. § 1291.  Because the parties are

---

[*]       This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

familiar with the factual and procedural history of the case, we need not recount it here. We affirm the district court's decision.

1. The record does not support that the magistrate judge impermissibly shifted the burden of proof to Campos-Atrisco. While the magistrate judge made certain concerning statements, those statements do not prove that the judge improperly shifted the burden when "[r]ead in the context of the entire trial." *United States v. Coutchavlis*, 260 F.3d 1149, 1155–57 (9th Cir. 2001); *see United States v. Brobst*, 558 F.3d 982, 999–1000 (9th Cir. 2009).

2. Campos-Atrisco argues that his conviction was unlawful because Congress enacted § 1325 to discriminate against Mexicans and other Central and South Americans. *See Vill. of Arlington Heights v. Metro. Hous. Dev. Corp.*, 429 U.S. 252 (1977). But Campos-Atrisco relies on the legislative history of the 1929 Immigration Act to show a discriminatory purpose for § 1325, and this Court has held that any discriminatory purpose motivating the 1929 Act did not "taint" the current version of the statute from 1952. *United States v. Carrillo-Lopez*, 68 F.4th 1133, 1150–51 (9th Cir. 2023). Therefore, this argument is foreclosed.

**AFFIRMED.**